**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

COLBY RYAN BURNEY,           §
*Plaintiff*                       §
                              §
v.                              §     Case No. SA-25-CA-01458-XR
                              §
CARLSTAR GROUP, LLC, K&M TIRE, §
INC., COATS COMPANY, LLC, CARL §
TURNER EQUIPMENT, INC.,      §
*Defendants*

### ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff's Motion to Remand (ECF No. 9) and Defendants' Response (ECF No. 11). After careful consideration, the motion (ECF No. 9) is **GRANTED**.

### BACKGROUND

This is a products-liability case. Plaintiff alleges that he was changing a lawnmower tire while employed at a service station ("Llano Station") in September 2022 when the tire exploded and injured him. ECF No. 9 at 2.

Shortly after Plaintiff's injury but before he filed suit, Defendants attempted to coordinate with Plaintiff to inspect "the tire, the tire mounting device/machine, the wheel, mounting tools, safety cage, air compressor, and the shop where the incident occurred." ECF No. 1 at 90. After Plaintiff failed to respond, Defendants sent a formal request in January 2024. *Id.* But no pre-suit investigation occurred. *Id.*

On June 7, 2024, Plaintiff filed his Original Petition in Bexar County against four defendants:

(1) the manufacturer of the tire (Defendant Carlstar Group, LLC);

1

(2) the distributor of the tire (Defendant K&M Tire Inc.);

(3) the designer and manufacturer of a tire-changer tool (Defendant Coats Company LLC);

(4) and the distributor of that tire changer (former defendant Carl Turner Equipment, Inc.).

ECF No. 1 at 8. Apart from former defendant Carl Turner Equipment, Inc. ("Carl Turner"), diversity of citizenship existed between Plaintiff and the defendants. Defendant Coats Company LLC ("Coats") failed to answer, so Plaintiff moved for partial default judgment against Coats in August 2024. ECF No. 1 at 8.

Over the next nine months, the parties exchanged written discovery. ECF No. 1 at 9–11. But despite Defendants' repeated attempts, they failed to schedule an inspection of Llano Station. ECF No. 1 at 12. Defendants eventually filed a motion to compel an inspection. ECF No. 1 at 12. Plaintiff then consented to it. *Id.*

The inspection of the Llano Station occurred on July 7, 2025. *Id.* During this inspection, the owner of the shop stated that "Plaintiff did not use the Tire Changer on the day of the Incident and that Plaintiff was simply inflating the Tire." ECF No. 1 at 11.

Turner, the distributor of the tire changer, moved for "no-evidence" summary judgment in September 2025. ECF No. 1 at 12. Plaintiff failed to respond, so the state court granted Turner's motion on October 27, 2025. ECF No. 9 at 3–4. Defendants removed the action to this Court on November 10, 2025. *See* ECF No. 1.

Plaintiff has now moved to remand. *See* ECF No. 9. He argues that removal was untimely considering the one-year deadline for removal in diversity cases. *See* 28 U.S.C. § 1446(c)(1). Defendants argue that an exception to that deadline applies because Plaintiff acted in bad faith to prevent removal.

**LEGAL STANDARD**

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." *Id*. Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional

3

facts that support removal must be judged at the time of the removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

## DISCUSSION

Plaintiff asserts that removal occurred more than a year after commencement of the action and was thus untimely under 28 U.S.C. § 1446(c)(1). ECF No. 9 at 6. Defendants do not contest that removal occurred more than 16 months after the suit began. Rather, they allege that Plaintiff's bad-faith attempts to avoid a federal forum qualify for an exception to Section 1446(c)(1)'s bar to removal. ECF No. 11 at 7.

Section 1446 states that a diversity case "may not be removed . . . more than 1 year after commencement of the action . . . unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "When it comes to bad faith, . . . the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019), *as revised* (Aug. 23, 2019). "Courts must determine whether bad faith exists on a case-by-case basis, balancing the equitable exception with 'the general rule that removal jurisdiction is to be strictly construed [in favor of remand], as its application deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Vallecillo v. Wells Fargo Home Mortg. Fin., Inc.*, No. 5:16-CV-935-DAE, 2017 U.S. Dist. LEXIS 230598, at *6 (W.D. Tex. Sep. 18, 2017) (quoting *Carey v. Allstate Ins. Co.*, 2:13-CV-2293, 2013 U.S. Dist. LEXIS 160611, at *3 (W.D. La. Nov. 7, 2013)).

"The burden of showing that Plaintiff acted in bad faith to prevent removal lies with the Defendant." *Boney v. Lowe's Home Ctrs. LLC*, No. 3:19-CV-1211-S, 2019 U.S. Dist. LEXIS

187416, at *4 (N.D. Tex. Oct. 29, 2019); *accord. Flores v. Intex Rec. Corp.*, No. 2:20-CV-73, 2020 U.S. Dist. LEXIS 205881, at *7 (S.D. Tex. July 2, 2020). "In general, a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without 'clear and convincing proof.'" *Boney*, 2019 U.S. Dist. LEXIS 187416, at *4 (quoting *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001) (analyzing bad faith in the context of attorney sanctions)).

Defendants argue that the bad-faith exception applies because Plaintiff (1) "falsely ple[d] that he was using the tire changer at the time of the incident," (2) delayed inspection of the tire changer, and (3) "'half-heartedly' pursued [his] claims against Carl Turner."

## I. Defendant Has Not Establish Bad Faith in Pleading that Plaintiff Was Using the Tire Changer

Defendants' first argument is that Plaintiff acted in bad faith because "[he] sued Carl Turner and Coats" "[d]espite his counsel being made aware of the fact that Plaintiff was not using the [t]ire [c]hanger at the time of the incident." ECF No. 1 at 19. Plaintiff places significance on the fact that, at the Llano Station inspection, "the owner of the Llano [Station] confirmed that he was present on the day of the incident, and that Plaintiff as not using the tire changer at the time of the alleged injury." ECF No. 11 at 2. From this, Defendants contend that Plaintiff acted in bad faith to "plea[d] Carl Turner into this case to prevent removal, knowing that [Plaintiff] would not be able to establish—and never intended to establish—a cause of action against Carl Turner in state court." ECF No. 1 at 20.

But to succeed on a products-liability claim in state court, Plaintiff need not show that he was using the tire changer at the time of the injury. Rather, he must show that "there was a causal connection between [a defective] condition and [his] injuries or damages." *Hous. Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 785 (Tex. 1988). An item's defect could cause injury

even if the item is not actively in use when the injury occurs, such as when it creates a dangerous condition.

Here, Plaintiff alleged that "[t]o mount the tire, [he] was utilizing a rim claim tire changer designed, manufactured, and marketed by Coats and distributed by Carl Turner." ECF No. 9 at 3. He brought his claims against Coats and Carl Turner for "a defective tire mounting machine which proximately caused [his] injuries." *Id.* His theory was based on "the tire mounting machine not having protection for bead failure or for tire failure during mounting." *Id.* at 7–8.

Defendants fail to show how these allegations are necessarily in bad faith even if Plaintiff knew that he was not using the tire changer when the tire exploded. When initiating his suit, Plaintiff may have believed that the tire changer had a defect that created a dangerous condition in the tire (e.g., it improperly set the tire bead). He could further believe that this dangerous condition caused the tire to explode when he inflated it.

In short, even if Plaintiff was "not using the tire changer of the alleged injury," it does not follow that he "kn[ew] that he would not be able to establish . . . a cause of action against Carl Turner" and therefore acted in bad faith to "plea[d] Carl Turner into this case to prevent removal." ECF No. 1 at 20.

## II. Defendants Fail to Establish that Delaying the Tire Inspection Prevented Removal

Defendants' second basis for alleging bad faith is Plaintiff's delay in facilitating the inspection of the Llano station and its equipment. They first sought this inspection in 2023. ECF No. 1 at 90. It did not occur until a month after the removal deadline. *Id.* at 12.

Defendants place significance on this "long-awaited inspection" because it was during the inspection that "the owner of the Llano [Station] confirmed that he was present on the day of the incident, and that Plaintiff was not using the tire changer at the time of the alleged injury." ECF No. 11 at 2–3. But as stated, this information does not means that Plaintiff "kn[ew] that he would

not be able to establish . . . a cause of action against Carl Turner" and therefore acted in bad faith to "plea[d] Carl Turner into this case to prevent removal." ECF No. 1 at 20. In other words, the information does not necessarily mean that Plaintiff's claims against Carl Turner were meritless "from the beginning." [1]

The circumstances suggest that Defendants recognized this fact. If Defendants believed that this information "exposed" the "scheme of Plaintiff" and proved Carl Turner's joinder to be improper, they could have promptly removed the case. ECF No. 11 at 2; *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (holding that removal is proper under 28 U.S.C. § 1441 when the removing defendant shows the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court"). Defendants instead waited until after the state court granted summary judgment for Carl Turner. Perhaps they recognized the possibility that Plaintiff could provoke a fact issue on Carl Turner's liability even if he was not using the tire changer when he was injured.

In any case, Defendants did not remove until four months after the July inspection. This suggests that Plaintiff's delay in facilitating the inspection did not prejudice them. As such, it could not have been a "transparent attempt to avoid federal jurisdiction." *Boney,* 2019 U.S. Dist. LEXIS 187416, at *4.

### III. Defendant Fails to Show that Plaintiff Half-Heartedly Pursued His Claim

Defendants' last argument is that Plaintiff's bad faith is evident considering that he only halfheartedly pursued his claims against Carl Turner. Defendants rely on *Hoyt* as support.

---

[1] *Id.* Besides, it is not clear that this was new information at the time of the inspection. In his deposition by written questions, the owner of the Llano Station had already stated that "it [was] believed that [Plaintiff] was simply inflating the tire when it exploded." ECF No. 11 at 1. The owner made this statement before the removal deadline. *Id.* Similarly, a workers' compensation attorney for Llano station emailed in February 2024 stating that he "underst[ood] that the tire was not mounted to a machine when it blew off the wheel." ECF No. 1 at 10.

In *Hoyt*, the Fifth Circuit considered whether the district court committed clear error in finding that the plaintiff "acted in bad faith by improperly joining [a forum defendant] (which prevented complete diversity and hence precluded removal)." *Hoyt*, 927 F.3d at 292. The court ultimately held that the removing defendants "failed to carry their burden to prove that finding was clearly erroneous." *Id.* at 293. In doing so, the court noted that the district court properly relied on several facts to support its determination:

(1) the plaintiff voluntarily dismissed the forum defendant "a mere two days after the one-year deadline expired";

(2) the plaintiff "did so without receiving any consideration";

(3) the plaintiff did not intend to call fact witnesses to establish the forum defendant's liability; and

(4) the plaintiff's experts similarly "made no serious efforts" to establish that liability.

*Id.* Together, these facts supported the district court's inference that the plaintiff "kept [the forum defendant] in the case for one purpose and one purpose only—to prevent removal during § 1446(c)'s one-year removal period." *Id.* at 292–93.

Here, Defendants argue that "Plaintiff only 'half-heartedly' pursued [his] claims against Carl Turner (the only non-diverse party) when he knew from the outset that he had no basis for those claims." They rely on three facts.

First, Plaintiff "has not sought a hearing or order on [his] motion for default judgment against Coats . . . when he . . . should have known that Coats, as the manufacturer of the [tire changer], would have owed indemnity to Carl Turner." ECF No. 1 at 19. But this overlooks that Plaintiff moved for default judgment against Coats. *Cf. Flores*, 2020 U.S. Dist. LEXIS 205881, at *9 (finding bad faith where the plaintiff *never* sought default judgment against a forum defendant).

Besides, a "motion is an application to the court for an order." *Elliott v. Elliott*, 797 S.W.2d 388 (Tex. App.—Austin 1990, no writ); *cf.* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

Second, Plaintiff sued Carl Turner "despite his counsel being made aware of the fact that Plaintiff was not using the [t]ire [c]hanger at the time of the [i]ncident." ECF No. 1 at 19. As discussed, it does not follow from this that any claim against Carl Turner is only made in bad faith.

Third and finally, Plaintiff "completely abandoned his claims against Carl Turner" by failing to "oppose Carl Turner's no-evidence motion for summary judgment." ECF No. 1 at 19. Defendants are right to note that this resembles *Hoyt*, in which the plaintiff voluntarily dismissed the forum defendant without any consideration. "While voluntarily dismissing a defendant . . . and failing to oppose [a] defendant's motion for summary judgment are procedurally distinct [actions], the result is the same: the defendant is released from the lawsuit in exchange for nothing." ECF No. 1 at 20.

But despite this similarity to *Hoyt*, there are differences as well. In *Hoyt*, dismissal of the forum defendant occurred two days after the removal deadline. *Hoyt*, 927 F.3d at 293. Here, Carl Turner was dismissed almost four months later. Similarly, the plaintiff in *Hoyt* made "no serious efforts to establish [the forum defendant]'s liability" with his expert and fact witnesses. *Id.* But Defendants here admit that Plaintiff sought discovery to establish Carl Turner's liability. ECF No. 11 at 4.

While the evidence here cuts both ways, Defendant has not established that Plaintiff's failure to oppose Carl Turner's summary judgment motion after discovery means that his decision to sue Carl Turner 16 months earlier was a 'transparent attempt to avoid federal jurisdiction." *Kidwai v. Fannie Mae*, Civil Action No. SA-13-CV-972-XR, 2014 U.S. Dist. LEXIS 7545, at *5

(W.D. Tex. Jan. 22, 2014). The Court reaches this conclusion in light of the requirement that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82. Because Plaintiff has not clearly established that Plaintiff acted in bad faith to manipulate jurisdiction, remand is appropriate.

## MOTION FOR FEES

Plaintiff has further moved for attorney's fees under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Even though Defendants failed to show bad faith to avoid Section 1446(c)(1)'s bar to removal, they had a objectively reasonable basis for seeking removal. Plaintiff's motion for fees is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED** The Clerk is **DIRECTED** to remand this case to the 288th Judicial District of Bexar County, Texas, and **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 10th day of March, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

10